El Pueblo, Demandante y Apelado, *v.* Vergne de la Concha, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por infracción a la Ley de Automóviles.

No. 1268.—Resuelto en junio 25, 1918.

Automóviles—Licencia para Transporte de Pasajeros.—El párrafo 13, sección 10 de la Ley No. 75 de 1916, no califica como delito el hecho de que el dueño de un automóvil de servicio municipal pase a otro municipio conduciendo pasajeros. Si la idea en este caso era la de imputar el uso de una máquina de una manera especial, sin licencia para ello, entonces la denuncia es desastrosamente deficiente al no expresar que el acusado hizo el viaje sin la correspondiente licencia.

Denuncias Insuficientes—Interpretación de Alegaciones.—Si bien es verdad que las alegaciones deben ser liberalmente interpretadas por las cortes municipales, no es menos cierto que las denuncias deben siempre imputar el delito perseguido, de tal suerte, que para encontrarlo, no sea preciso divagar por el campo de las conjeturas.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. J. H. Brown y P. A. Rivera.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La denuncia en este caso reza como sigue:

"Yo, Jesús Porras, P. I., vecino de Bayamón, P. R., calle de Betances, de 28 años, formulo denuncia contra Pedro Vergne de la Concha por delito de infracción a la Ley de Automóviles, Art. 10, párrafo No. 13 cometido de la manera siguiente: Que en septiembre

23, 1917, hora 2 y 45 A. M. y en la calle Comercio de Bayamón, P. R., del Distrito Judicial de San Juan, P. R., el acusado Pedro Vergne de la Concha ilegal, maliciosa y voluntariamente siendo dueño del carro marca Ford, No. 39, de servicio municipal en San Juan, P. R., permitió que éste pasara al municipio de Bayamón, P. R., conduciendo tres pasajeros y guiado por el *chauffeur* Tomás E. Rodríguez No. 435, violando así lo dispuesto en la Ley de Automóviles de P. R.''

El apelante sostiene que la denuncia no expone hechos constitutivos de delito. La sección 10, el párrafo 13 inclusive de la ley No. 75 de 1916, ''Para regular el uso de vehículos de motor en Puerto Rico, y para otros fines,'' solamente prescribe los distintos derechos que han de pagarse por varias clases de licencias y no califica de delito el ir una persona dentro del servicio municipal de una ciudad a otro pueblo, que es la exposición esencial de hecho que se contiene en la denuncia. Si la idea era la de imputar el uso de una máquina de una manera especial sin licencia para ello, entonces la denuncia es desastrosamente deficiente al no expresar que el apelante hizo el viaje sin la licencia correspondiente. Si bien es verdad que al interpretarse las alegaciones que se presenten ante una corte municipal debe hacerse con liberalidad, sin embargo nada hay en esta denuncia que exponga el delito de hacer uso de una máquina sin la correspondiente licencia, a menos que divaguemos por el campo de las conjeturas. Pudiéramos quizás descartar la referencia que se ha hecho al párrafo 13 de la sección 10 de la Ley de Automóviles si esa sección aún siquiera prescribiese el delito de hacer uso de una máquina sin licencia, pero no hay nada de eso en dicho apartado de la ley. Sin embargo, en una denuncia se debe imputar un delito y no por vía de referencia a una ley penal.

Es de revocarse la sentencia recurrida y absolverse al acusado.

*Revocada la sentencia recurrida y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.