EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* EDUARDO COLÓN, acusado y apelante.

No. 2875.—*Visto:* Diciembre 15, 1926. *Resuelto:* Enero 14, 1927.

1. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—REVISIÓN—EN GENERAL—RESOLUCIONES EN CUANTO A LAS ACUSACIONES O DENUNCIAS—MOCIONES PARA ELIMINAR PALABRAS EN LAS MISMAS.—La negativa a eliminar palabras contenidas en una nota al pie de una denuncia no constituye error cuando dicha nota explica el cuerpo de la denuncia y no es inconsistente con ésta.

2. "INDICTMENT" Y ACUSACIÓN—RENUNCIA DE DEFECTOS Y OBJECIONES Y SUBSANACIÓN POR VEREDICTO—RENUNCIA DE OBJECIONES A UNA DENUNCIA.—Una moción para eliminar palabras contenidas en una denuncia debe presentarse antes del juicio.

3. Derecho Penal—Apelación y Error, y Certiorari—Record y Procedimientos que no Están en Récord—Transcript de la Evidencia—Contenido.— Una moción para eliminar no debe incluirse en la transcripción de las notas taquigráficas como tampoco una excepción perentoria; cada una de éstas debe formar parte del legajo de la sentencia corriente.

4. Automóviles—Infracciones a la Ley de Automóviles—Proceso y Castigo —Denuncia.—Su Suficiencia—Guiar Vehículos Públicos sin la Licencia Correspondiente.—En denuncia por guiar un vehículo público sin tenerse licencia para ello de la que aparece que el acusado conducía *pasajeros*, no es necesario alegar que éstos se transportaban mediante pago o retribución.

Sentencia de *R. López Antongiorgi*, J. (Guayama), condenando al acusado por infracción a la Ley de Automóviles, con costas. *Confirmada.*

*José J. Aponte,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

La denuncia en este caso dice así:

"Yo, Manuel Lebrón, P. I. No. 453, vecino de Salinas, P. R., calle "Ciudad Perdida," mayor de edad, formulo denuncia contra Eduardo Colón por delito de Infracción Ley de Automóviles, Art. 1, cometido de la manera siguiente: Que en 12 de octubre de 1925, hora 4 p. m., y en la Calle Unión de Salinas, del Distrito Judicial Municipal de Salinas, P. R., allí y entonces el referido acusado Eduardo Colón, ilegal, voluntaria y maliciosamente, violó las disposiciones de la vigente Ley de automóvil, para regular el uso y manejo de los vehículos de motor en Puerto Rico, tal como fué aprobada en abril 13, 1916, y enmendada por la Ley No. 55 de julio 11, 1921, definiendo lo que es conductor; consistente en que el acusado arriba expresado a sabiendas e intencionalmente guiaba el auto 'Hudson' P. 1128 de su propiedad, teniendo solamente una licencia y placa de conductor No. 14, 645, violando de ese modo la Ley en cuanto al artículo antes citado. Hecho contrario a la Ley.

"Nota: ese chauffeur cuando fué denunciado iba manejando el automóvil Hudson P. 1128, que está dedicado a la conducción de pasajeros de Ponce a Guayama e iba con varios."

[1, 2] Se presentó una moción para eliminar las palabras contenidas en la nota y la denegatoria de la corte a acceder a dicha moción es el fundamento del primer señalamiento

de error.  Diremos de paso que una moción para eliminar
debe presentarse antes del juicio y que no debe incluirse
en la transcripción de las notas taquigráficas; como tam-
poco una excepción perentoria.  Cada una de éstas debe
formar parte del legajo de la sentencia corriente.

Para justificar su moción de eliminación, el apelante
alega que hay una contradicción entre el cuerpo de la de-
nuncia y la nota.  Convenimos con el fiscal en que la nota
explica el cuerpo de la denuncia y que no es inconsistente
con ella.  Aparecía algo dudosamente que el acusado te-
niendo solamente una licencia de conductor guiaba el auto-
móvil Hudson P. 1128.  La letra "P" significa automóvil
público, pero la nota hace ese hecho perfectamente claro.

[3] La ley de automóviles de 1916, según fué enmen-
dada por la Ley No. 55 de julio 11, 1921, contiene las si-
guientes definiciones:

"*Conductor* significará cualquier persona que no siendo un chauf-
feur, maneje un vehículo de motor que no sea de servicio público.

"Por *automóvil de servicio público*, para los efectos de esta ley,
se considerará todo vehículo de motor que mediante retribución o
pago se dedique a la conducción de pasajeros, mercancías o materia-
les de cualquier clase. . . . ."

El acusado presentó una excepción perentoria a la de-
nuncia substancialmente por no alegarse que se transportaba
a los pasajeros mediante pago o retribución.  La nota aclara
que el apelante conducía varios pasajeros de Ponce a Gua-
yama.  Generalmente el mero uso de la palabra "pasajero"
significa personas que viajan mediante pago o por virtud
de un contrato de alquiler con un porteador público.  "Words
and Phrases Judicially Defined," vol. 6, p. 5218 y siguientes.
Según sugiere el fiscal, la denuncia pudo redactarse con
más claridad, pero indicaba suficientemente al apelante que
se le imputaba el guiar un vehículo público sin tener una
licencia con tal fin.  El caso de *El Pueblo* v. *Vergne de la
Concha*, 26 D.P.R. 441, debe distinguirse por los fundamen-

tos de que en ese caso no se describía suficientemente que el automóvil era público.

La discusión de la prueba giró sobre el hecho de no haberse probado que los pasajeros pagaran, pero no hay duda de que se transportaban pasajeros.

*La sentencia debe ser confirmada.*

El Juez Asociado Señor Hutchison no intervino.